UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| Q.C. ONICS VENTURES, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:04-CV-138 |
| ) | |
| JOHNSON CONTROLS, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This case is a contract dispute, removed to federal court on the basis of diversity jurisdiction. In its complaint, Plaintiff Q.C. Onics Ventures, L.P. ("QCO") brings three counts against Defendant Johnson Controls, Inc. ("JCI"): (1) "Breach of Exclusive Requirements Contract"; (2) "Breach of Covenant of Good Faith and Fair Dealing"; and (3) "Equitable Promissory Estoppel."

On February 25, 2005, JCI filed a partial motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Docket # 60.) Pursuant to FRCP 6 and Local Rule 7.1(a), QCO's response to this motion was due on March 15, 2005.[1] However, QCO made no response until March 21, 2005, when it filed a motion for extension of time to respond to JCI's motion. (Docket # 69.) JCI opposes the extension.

As a threshold matter, the Court must first consider whether QCO's failure to meet its March 15 deadline should be excused. QCO, however, theorizes that it did not actually miss the deadline, reasoning that because JCI's motion for judgment on the pleadings cites to some of

---

[1] L.R. 7.1(a) allowed QCO fifteen days to respond, which would make the deadline March 12, 2005, but FRCP 6(a) allows an extra three days, making the actual deadline March 15, 2005.

QCO's discovery responses (*i.e.*, materials outside of the pleadings), JCI's motion, "in all actuality, is a motion for summary judgment." (Reply at 1.) According to QCO, it is therefore entitled to Local Rule 56.1's thirty-day deadline for responding, rather than Local Rule 7.1's fifteen-day deadline, making its March 21, 2005, response timely.

It is true that a Rule 12(c) motion for judgment on the pleadings, like other Rule 12 motions, may be converted to a Rule 56 motion for summary judgment if it relies on matters outside the pleadings. However, that conversion is made by the court, not by the party opposing the motion. Indeed, a Rule 12 motion *cannot* be converted until the court decides that matters outside the pleadings are necessary to the decision. *Berthold Types Ltd. v. Adobe Systems, Inc.*, 242 F.3d 772, 775 (7th Cir. 2001) ("Our point is not that a motion styled as one to dismiss *is* a motion for summary judgment at the instant of its filing just because the movant attaches extra documents. It is, rather, that once the district court *actually considers* additional documents, the motion must be treated as one for summary judgment."); *see* Fed. R. Civ. P. 12(c) ("If . . . matters outside the pleadings are presented to *and not excluded by the court*, the motion shall be [converted]" (emphasis added)). Here, QCO did not request a conversion from the Court, but instead unilaterally deemed JCI's motion to be a motion for summary judgment, thus granting itself thirty days to respond instead of fifteen. This will not do. JCI's motion is styled as a Rule 12 motion, and it will remain one until the Court says otherwise. *Berthold*, 242 F.3d at 775. Accordingly, QCO was subject to Local Rule 7.1's fifteen-day deadline, which it undisputedly failed to meet.

Nonetheless, the Court has discretion to excuse QCO's tardiness if it makes a showing of "excusable neglect." Fed. R. Civ. P. 6(b). A determination of excusable neglect is "at bottom an

2

equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993).  These "relevant circumstances" include the danger of prejudice to other parties, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay (particularly whether it was within the control of the dilatory party), and whether the dilatory party acted in good faith.  *Id.* at 395.  One of these factors, the reason for the delay, cuts against QCO, as the delay resulted solely from an aggressive misinterpretation (or perhaps ignorance) of the Federal Rules and Seventh Circuit precedent, as discussed above.  However, all the other factors cut in QCO's favor.  The length of the delay, six days, was minimal, and there is no indication that it prejudiced JCI or will have any negative impact on the judicial proceedings.  Also, while QCO's actions are puzzling, the Court has been given no reason to believe that they were not in good faith.  Thus, after weighing these factors, the Court finds that QCO has established excusable neglect and will consider QCO's request for an extension of time despite its tardiness.

Turning to the merits of QCO's request for more time to respond to JCI's Rule 12(c) motion, another problem quickly arises.  QCO again puts the cart before the horse, insisting that JCI's motion "must be considered . . . one for summary judgment" (Reply at 9) and thus that QCO cannot properly respond until after discovery closes on July 1, 2005.  *See Patricia P. v. Bd. of Educ. of Oak Park*, 203 F.3d 462, 469-70 (7th Cir. 2000) (holding that district court cannot grant summary judgment without first allowing non-moving party sufficient discovery to oppose the motion).  As before, QCO misunderstands Rule 12(c).  The standard of review for a Rule 12(c) motion is whether "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief."  *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South*

*Bend*, 163 F.3d 449, 452 (7th Cir. 1998).  QCO should be able to speak to this question without completing discovery – or without any discovery at all, for that matter.  After the parties have fully briefed JCI's Rule 12(c) motion, if the Court decides that it cannot rule on the motion without resort to extrinsic evidence, *then* the Court will convert the motion to one for summary judgment and give the parties "reasonable opportunity to present all material made pertinent to [the] motion by Rule 56."  Fed. R. Civ. P. 12(c).

For these reasons, QCO's motion for an extension of time (Docket # 69) is GRANTED, but QCO is granted only until May 10, 2005, to file its response to JCI's motion for judgment on the pleadings (Docket # 60).  JCI must file any reply no later than May 24, 2005.

SO ORDERED.


Enter for this 25th day of April, 2005.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

4