UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| Q.C. ONICS VENTURES, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | CAUSE NO.  1:04-CV-138 |
| ) | |
| JOHNSON CONTROLS, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER DENYING APPROVAL
## OF STIPULATED PROTECTIVE ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order.  (Docket # 97.)  As the proposed order contains a major defect, it will be DENIED.

The order's definition of  "Confidential Records" is impermissibly broad, as it seeks to protect "all . . . discovery taken or obtained during this proceeding . . . . [and] those records and information relating to the financial condition of a party . . . ." (Proposed Stipulated Protective Order ¶ 1.)

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown.  *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).   However, the protective order submitted by the parties provides no basis for finding good cause.  Instead, the order contains an expansive definition of confidential information lacking in any specifics, and the order makes no effort to specify why these materials are confidential.  Furthermore, the proposed order is not limited to the discovery period, and also seeks to create a "presumption" that there is good cause to file everything under seal. (Proposed Stipulated Protective Order ¶¶ 7, 8.) Indeed, if the Court were to approve this

order, both parties would be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal." *Cincinnati Insurance*, 178 F.3d at 944.  The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid.  *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

"Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, 2003 WL 1702256, at *2 (S.D. Ind. March 28, 2003).  Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the stipulated protective order submitted by the parties. (Docket # 97.)  SO ORDERED.

Enter for this 20th day of September, 2005.

                                        S/ Roger B. Cosbey

                                        Roger B. Cosbey,
                                        United States Magistrate Judge