UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| Q.C. ONICS VENTURES, L.P., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.  1:04-CV-138 |
| ) | |
| JOHNSON CONTROLS, INC., ) | |
| ) | |
|     Defendant. ) | |

### OPINION AND ORDER

Before the Court is a revised proposed protective order stipulated to by the parties. (Docket # 110; *see also* Docket # 97, 98.)  As the proposed order still contains a major defect, it will be DENIED.

The proposed order's definition of "Confidential Records" is still impermissibly broad because it seeks to protect the parties' "Financial Records" throughout the discovery and post-discovery phases of the litigation. (Proposed Stipulated Protective Order ¶ 1.) ("All Financial Records of each party . . . shall be deemed 'Confidential Records' . . . .").  The term "Financial Records" is defined as "those records relating to the financial condition of a party including, but not limited to, financial statements, balance sheets, profit/loss statements, statements of operation and expenses, sales records, and all analyses of same, including expert reports." (*Id*.) Section 8 of the proposed order then carves out "information which . . . is already public knowledge" from the restrictions of the order. (*Id*. ¶ 8.)

"[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceedings." *Alexander Hous. LLC v. Int'l Bhd. of Elec. Workers*, No. 04 C 1650, 2004 WL 1718654, at *2 (N.D. Ill. July 29, 2004).  Notwithstanding the foregoing, Rule

26(c)(7) of the Federal Rules of Civil Procedure allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  The revised protective order submitted by the parties, however, falls short of establishing a basis for finding good cause.

In *Cook, Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001), the court found that a category demarcated as "financial information that is not otherwise publicly available" was too broad.  Specifically, the court stated:

> 'Non-public' is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors. . . . If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available.  They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material.

*Id*.  Stated more succinctly, to qualify for protection, "the information must be kept secret from and not be readily ascertainable by potential competitors . . . . [and] must give the holder an economic advantage and threaten a competitive injury. . . ." *Id*.

Here, the parties offer no information about the current secrecy of their Financial Records and the specific harm that would result if they are disclosed; instead, they merely assert in a conclusory manner that their "Financial Records" must be protected "because of their ability to be used by others for a competitive purpose." (Proposed Stipulated Protective Order ¶ 1.)  This is inadequate as the parties must provide "specific examples of articulated reasoning, rather than stereotyped and conclusory statements to support [their] assertion of good cause." *Alexander Housing*, 2004 WL 1718654, at *2 (internal quotation marks omitted).

"Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But

such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. March 28, 2003).  Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the revised proposed stipulated protective order (Docket # 110) submitted by the parties.  SO ORDERED.

Enter for this 16th day of December, 2005.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge