UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| Q.C. ONICS, VENTURES, LP, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. 1-04-CV-138-TS |
| | ) | |
| JOHNSON CONTROLS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

This matter is before the Court on the Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(c), filed on February 25, 2005. The Defendant argues that the Plaintiff's Count II must be dismissed because Michigan does not recognize a claim in tort for breach of a covenant of good faith and fair dealing and that the Plaintiff's Count III must be dismissed because a claim for promissory estoppel cannot be asserted when a breach of contract claim is asserted and the parties agree that a contract exists. The Plaintiff filed its Response on May 10, 2005, and the Defendant replied on May 24, 2005. The Defendant's Motion for Summary Judgment, filed on September 1, 2005, will be considered in a later Opinion. Several other motions are pending before the Court and the Court will address those in this Order.

**A.      Rule 12(c) Standard**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard as a motion for dismissal under Rule 12(b)(6). *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510,

1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). A Rule 12(b)(6) motion to dismiss is granted only if it "appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Thomason*, 888 F.2d at 1204. Federal notice pleading requires only that the plaintiff "set out in [his] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Anderson v. Simon*, 217 F.3d 472, 474–75 (7th Cir. 2000) (quoting *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir.1999)).

B.   **Factual and Procedural Background**

Presuming all well-pleaded allegations to be true and drawing all inferences in the Plaintiff's favor, the following facts are assumed correct. The Plaintiff is an Indiana corporation that manufactures wire harnesses. The Defendant is a Michigan Corporation that purchases wire harnesses. Around August 1998, the Plaintiff and Defendant entered into an agreement whereby the Plaintiff would manufacture for the Defendant all of the approximately 140 types of wire harnesses and related products that the Defendant required. There were approximately 140 types of wire harnesses and related products. In return, the Defendant agreed to buy its wire harnesses exclusively from the Plaintiff. The agreement was to last for the duration that was ordinary for such contracts in the manufacturing business for wire harnesses. (Pl. Compl. 2–3; DE 1.)

The Plaintiff fully performed its obligations under the agreement. On July 25, 2001, the Defendant notified the Plaintiff that it was terminating its business relationship with the Plaintiff and

would purchase the wire harnesses it required from a competitor of the Plaintiff. Because of the loss of the Defendant's business, the Plaintiff incurred damages. (Pl. Compl. 2–3; DE 1.)

Based on representations, acts, and omissions of the Defendant, the Plaintiff believed that the Defendant would exclusively buy all wire harnesses it required from the Plaintiff. In reliance, the Plaintiff undertook numerous actions at substantial expense to be able to meet its obligations under the contract, including: training employees, purchasing equipment, retooling, and purchasing materials. (Pl. Compl. 5; DE 1.)

On March 17, 2004, the Plaintiff filed its Complaint in Steuben Superior Court. The Complaint included three counts. Count I alleges that the Plaintiff and the Defendant agreed to an exclusive requirements contract and that the Defendant breached the agreement by purchasing parts from other sellers and ceasing to purchase parts from the Plaintiff. Count II claims the Defendant is liable for breach of contract for violating the contractual duty to act in good faith implied by law into every contract for sale of goods. Count III is a claim for promissory estoppel. The Defendant removed the case to this Court on April 13, 2004. Jurisdiction is proper under 28 U.S.C. § 1332.

On May 25, 2004, the Plaintiff filed a motion for an injunction forbidding the Defendant from suing the Plaintiff in Michigan. On May 27, the Defendant filed suit against the Plaintiff in the Western District of Michigan. The Defendant's claim against the Plaintiff was for the return of an overpayment. The Plaintiff argued that the Defendant's claim was a compulsory counterclaim under Rule 13.  On June 14, 2004, the Defendant moved to transfer this case to that district. On December 21, 2004, the court in the Western District of Michigan entered judgment for JCI on JCI's claim for repayment pursuant to the stipulation of the parties and stayed further

proceedings. On the same day, the Defendant stipulated to venue in this District and withdrew its motion to transfer.

On March 21, 2005, the Defendant filed its Motion to Dismiss Counts II and III of Plaintiff's Complaint Pursuant to Federal Rule of Procedure 12(c). The Plaintiff filed its Response on May 10, 2005, and on May 24 the Defendant filed its Reply. The parties have agreed that Michigan law controls this dispute. (Def. Ex. C 2; DE 60.)

### C. Count II: Breach of Covenant of Good Faith

The Defendant challenges the Plaintiff's second claim for damages. Addressing this claim is complicated by the fact that the parties disagree as to what type of claim it asserts. The Defendant reads the Plaintiff's second claim as an "independent tort action for breach of a contract's implied covenant of good faith and fair dealing." (Def. Br. 5; DE 60.) The Defendant points to the fact that the Plaintiff's first claim is for breach of contract and it would be duplicitous to add a second count for breach of the same contract. Also, the Defendant argues that the language used in the claim implies it is a tort claim. Insofar as Plaintiff's Count II asserts a claim in tort, it must be denied, as "Michigan does not recognize an independent tort action for an alleged breach of a contract's implied covenant of good faith and fair dealing." *Ulrich v. Fed. Land Bank of St. Paul*, 480 N.W.2d 910, 911 (Mich. App. 1991).

The Plaintiff denies that it is asserting a claim in tort and characterizes Count II as a claim for breach of contract. (Pl. Resp. 6; DE 75.) The Court also views Count II as a claim for breach of contract. The Plaintiff's second claim begins by noting that under Indiana law, the law implies in every contract a covenant for good faith and fair dealing. The same is true of Michigan law. *Stark*

4

*v. Budwarker, Inc.*, 181 N.W.2d 298, 301 (Mich. Ct. App. 1970) ("'Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.'") (quoting Restatement 2d Contracts § 205). Count II goes on to state that the parties entered into a contract requiring the Defendant to purchase all of the wire harnesses it required from the Plaintiff and that the Defendant breached the covenant of good faith by setting its requirements in bad faith. (Compl. 3–4.)

The Defendant's confusion is understandable, as Count I also alleges that the Defendant breached an exclusive requirements contract by ceasing to purchase its requirements from the Plaintiff. The Defendant has not argued or offered any authority suggesting that the claim must be dismissed because it is duplicitous. The Court's role is not to instruct parties on how to draft complaints; dismissal is warranted only if Count II fails to state a claim upon which relief can be granted. Under Michigan law, a contract requiring a seller to supply a buyer with all of its requirements is interpreted to obligate the buyer to set its requirements in good faith. Mich. Comp. Laws § 440.2306. Count II of the Plaintiff's Complaint gives the Defendant notice that the Plaintiff is alleging that the Defendant breached this obligation. Count II states a claim upon which relief may be granted and the Defendant's motion is denied.

**D.     Count III: Promissory Estoppel**

Count III asserts a claim for promissory estoppel. The Defendant argues that because both parties agree that a contract was formed and only disagree as to the terms, scope, and effect of the contract, the promissory estoppel claim must be dismissed. The Plaintiff responds that the Defendant has not agreed that an overarching requirements contract exists, and so it should be allowed to plead

5

promissory estoppel in the alternative to that contract.

>A claim for promissory estoppel must allege:

>(1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided.

*Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 552 (Mich. Ct. App. 1999). When a party pleads breach of contract and promissory estoppel in the alternative, Michigan law allows the promissory estoppel claim to go forward only when there is a dispute as to the existence of a contract. *Advanced Plastics Corp. v. White Consol. Indus., Inc.*, 828 F. Supp. 484, 491 (E.D. Mich. 1993). The doctrine of promissory estoppel exists in Michigan to "substitute for consideration in a case where there are no mutual promises . . . ." *Huhtala v. Travelers Ins. Co.*, 257 N.W.2d 640, 647 (Mich. 1977). Where both parties agree that there are mutual promises, and consideration for a contract exists, no substitute for consideration is necessary. *Convergent Group Corp. v. County of Kent*, 266 F. Supp. 2d 647, 661 (W.D. Mich. 2003) (holding that there is no need for a party to assert an unjust enrichment claim when "it is undisputed that there was an express agreement between the parties"). As stated by the Seventh Circuit when applying Illinois law:

>Promissory estoppel is meant for cases in which a promise, not being supported by consideration, would be unenforceable under conventional principles of contract law. When there is an express contract governing the relationship out of which the promise emerged, and no issue of consideration, there is no gap in the remedial system for promissory estoppel to fill.

*All-Tech Telecom, Inc. v. Amway Corp.*, 174 F.3d 862, 869 (7th Cir. 1999). Thus, "where the parties have an enforceable contract and merely dispute its terms, scope, or effect, one party cannot recover for promissory estoppel and unjust enrichment." *Terry Barr Sales Agency, Inc. v. All-Lock Co., Inc.*, 96 F.3d 174, 181 (6th Cir. 1996) (applying Michigan law).

6

The Plaintiff and the Defendant agree that there is some type of contract between the parties, though they disagree as to the nature of their contractual relationship. The Plaintiff submitted a sample purchase order with its Complaint as evidence of an agreement between the parties. (Pl. Compl. Ex. B; DE 1.)  The Defendant views the purchase orders referenced by the Plaintiff as the only contracts between the parties, and does not admit to any agreement outside of the terms of the purchase orders. (Def. Br. 2; DE 61.) The Plaintiff refused to admit that the purchase orders constituted the only binding agreements between the parties. (Pl. Ex., Q.C. Onics Ventures, LP's Response to Defendant's First Set of Requests to Admit 2; DE 61.)

The Plaintiff's Complaint seems to allege the existence of an overarching agreement, separate from the purchase orders, governing the parties' relationship. The Complaint consistently refers to a single agreement. For example, it states: "*An agreement* arose between JCI and Q.C. Onics" and that "pursuant to *the agreement*, said business relationship was to continue for an extended period of time." (Pl. Compl. 2; DE 1.) Also, the Plaintiff submitted an e-mail that, taking all inferences in favor of the Plaintiff, suggests the existence of a single agreement governing the parties' relationship. (Pl. Compl. Ex. A; DE 1) (referring to "written permission to proceed" and an "award" of the wire harness business).

Because this motion comes before the Court on a motion for judgment on the pleadings, the Court is required to draw all factual inferences in favor of the Plaintiff. The Court must infer from the Complaint the existence of a contract governing the entire business relationship of the parties, separate from the purchase orders. Because the Defendant denies the existence of the agreement alleged by the Plaintiff's Complaint, the Court will allow the Plaintiff's claim for promissory estoppel to go forward.

7

**D.    Other Matters**

It appears that the Plaintiff's Motion for Injunction, filed on May 25, 2004, is moot. The injunction sought to prevent the Defendant from filing suit in the Western District of Michigan. The Defendant did file suit and the proceedings in that case have been stayed pending the resolution of the case in this Court. (*Johnson Controls v. Q.C. Onics*, Case No. 1:04-CV-351 (W.D. Mich., Dec. 29, 2004) (Stipulated Order for Judgment and Temporary Stay of Post-Judgment Proceedings). Also, the Plaintiff has filed a motion to supplement the affidavit of Larry Smith in response to statements made in the Defendant's summary judgment Reply brief. The Court grants the Plaintiff's motion, finding that the affidavit helps to clarify matters and avoid confusion.

**ORDER**

For the reasons stated, Defendant's motion for judgment on the pleadings [DE 60] is DENIED. The Plaintiff's motion for an injunction [DE 17] is DENIED as moot. The Plaintiff's Motion to Supplement Affidavit [DE 107] is GRANTED. The Defendant's motion for summary judgment [DE 95] remains pending and is currently being reviewed.

SO ORDERED on February 1, 2006.

 /s/ Theresa Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT